IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE VANGUARD GROUP, INC. and THE VANGUARD MARKETING CORPORATION, <br><br> Defendants. | Civil Action No. 12 CIV 3618 <br><br> JURY TRIAL DEMANDED  |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Unified Messaging Solutions LLC files this Complaint against The Vanguard Group, Inc. and The Vanguard Marketing Corporation for infringement of U.S. Patent No. 7,934,148 ("the '148 patent").

## THE PARTIES

1. Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2. The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania. This Defendant may be served with process through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of New York and in the Southern District of New York.

3. The Vanguard Marketing Corporation (together with The Vanguard Group, Inc., "Defendants") is a Delaware corporation with its principal place of business in Malvern,

1

Pennsylvania. This Defendant may be served with process through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of New York and in the Southern District of New York.

## JURISDICTION AND VENUE

4. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

7. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to New York residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

8. Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

9. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial

rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit A.

10. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7-8, 11, 13, 34, 36, 57, 65, 90-91, 96, 114, 135, 138, 140, 142, 146 and 154, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

12. More particularly, Defendants have committed direct infringements as alleged in Count I at least through operation of their Statements and Confirmations feature of their online brokerage offerings accessible through their website, www.vanguard.com.

13. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

a. Judgment that one or more claims of the '148 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: May 7, 2012**

Respectfully submitted,

/s/ *[signature]*
Steven M. Hayes
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYS LLP
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400 main
(212) 213-5949 fax
shayes@hanlyconroy.com

4

        Edward R. Nelson, III (*pro hac vice*)
        Texas State Bar No. 00797142
        Attorney-in-Charge
        NELSON BUMGARDNER CASTO, P.C.
        3131 West 7th Street, Suite 300
        Fort Worth, Texas 76107
        (817) 377-9111
        (817) 377-3485 (fax)
        enelson@nbclaw.net

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**