UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
UNIFIED MESSAGING SOLUTIONS LLC,          :

       Plaintiff,                         :   CASE NO. 1:12-cv-03618-GBD

THE VANGUARD GROUP, INC. and THE          :
VANGUARD MARKETING
CORPORATION,                              :   **JURY TRIAL DEMANDED**

       Defendants.                        :

                                          :
---------------------------------------- X

## THE VANGUARD GROUP, INC.'S AND VANGUARD MARKETING CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AGAINST PLAINTIFF UNIFIED MESSAGING SOLUTIONS LLC

Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard"), by and through their undersigned counsel, hereby answer Unified Messaging Solutions LLC's Complaint for Patent Infringement (the "Complaint") as follows:

### THE PARTIES

1. Vanguard is without sufficient information to form an opinion as to the truth of the allegations in Paragraph No. 1 of the Complaint and, on that basis, denies them.

2. Vanguard admits that The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania. Vanguard also admits that The Vanguard Group, Inc. has participated in business transactions and communications involving clients and others in the State of New York and in the Southern District of New York. Vanguard denies the remaining allegations in Paragraph No. 2.

3. Vanguard admits that Vanguard Marketing Corporation is a Pennsylvania

corporation with its principal place of business in Malvern, Pennsylvania. Vanguard also admits that Vanguard Marketing Corporation and The Vanguard Group, Inc. have participated in business transactions and communications involving clients and others in the State of New York and in the Southern District of New York. Vanguard denies the remaining allegations in Paragraph No. 3.

## JURISDICTION AND VENUE

4.  Vanguard admits that Unified Messaging Solutions LLC ("Unified") purports to bring this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.  Vanguard admits that this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.  Vanguard denies that venue is convenient in this judicial district but does not, for purposes of this action only, contest venue over Vanguard in this judicial district. Vanguard also admits that it has participated in certain transactions and communications involving clients and others in this judicial district. To the extent that Paragraph No. 6 makes additional allegations regarding Vanguard's activities in this judicial district, Vanguard denies them.

7.  Vanguard admits that, for purposes of this action only, it is subject to personal jurisdiction in this district. Vanguard also admits that it has participated in certain transactions and communications involving clients and others in this judicial district. To the extent that Paragraph No. 7 makes additional allegations regarding Vanguard's activities in this judicial district, Vanguard denies them.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

8.  Paragraph No. 8 does not require a response by Vanguard.  To the extent that a response is required, Vanguard incorporates its answers to Paragraph Nos. 1-7 of the Complaint as if fully set forth herein.

9.  Vanguard admits that the '148 patent is titled "Systems and Methods for Storing, Delivering, and Managing Messages," a copy of which is attached to the Complaint as Exhibit A. Vanguard is without sufficient information to form an opinion as to the truth of the remaining allegations recited in Paragraph No. 9 of the Complaint and, on that basis, denies them.

10.  Vanguard denies the allegations in Paragraph No.10 of the Complaint.

11.  Vanguard denies the allegations in Paragraph No. 11 of the Complaint.

12.  Vanguard denies the allegations in Paragraph No. 12 of the Complaint.

13.  Vanguard denies the allegations in Paragraph No. 13 of the Complaint.

To the extent that allegations of the Complaint are not expressly admitted above, Vanguard denies them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Vanguard denies that Unified is entitled to any relief and asks that the Court enter a judgment in its favor on all claims, counts and prayers for relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, and without waiving Plaintiff's obligation to prove each and every element of its claims, Vanguard asserts the

following defenses:

### First Affirmative Defense

Vanguard has not infringed and does not infringe in any way (either directly, contributorily, or by inducement) any valid and enforceable claim of the '148 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

Each of the claims of the '148 patent are invalid and/or unenforceable because the '148 patent fails to meet one or more of the conditions of patentability as set forth in 35 U.S.C. § 101 *et seq.*, and/or fails to comply with the statutes and regulations governing the application for and prosecution of patents.

### Third Affirmative Defense

By reason of the proceedings in the PTO during prosecution of the application for the '148 patent and/or related patent applications, Unified is estopped from asserting any claim construction or scope that would cover any products, systems, or methods of Vanguard.

### Fourth Affirmative Defense

Unified's claims for damages and prayer for relief are limited, in whole or in part, to the extent that Unified and its predecessors in interest to the '148 patent failed to properly mark relevant products as required by 35 U.S.C. § 287.

### Fifth Affirmative Defense

Unified's claims and prayer for relief for indirect infringement are barred prior to service of the instant Complaint as such alleged infringement predates Vanguard's knowledge of the '148 patent.

## COUNTERCLAIMS

Defendants and Counter-Claimants, The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard"), for their Counterclaims against Plaintiff and Counter-Defendant Unified Messaging Solutions LLC ("Unified"), allege as follows:

### The Parties

1. The Vanguard Group, Inc. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.

2. Vanguard Marketing Corporation is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.

3. On information and belief, Unified Messaging Solutions LLC ("Unified") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

4. Unified has asserted that it is the exclusive licensee of the '148 patent and holds all rights to enforce, sue and recover for past and future infringement of the '148 patent.

5. In its Complaint, filed on May 7, 2012, Unified accuses Vanguard of infringing the '148 patent. Vanguard denies that it has infringed the '148 patent and denies that the '148 patent is valid and enforceable. Therefore, an actual and justiciable controversy exists between Unified and Vanguard regarding the alleged infringement, validity and enforceability of the '148 patent.

### Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over Vanguard's Counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C.

§§ 1331and 1338(a).  By filing its Complaint, Unified has consented to the personal jurisdiction of this Court.

### First Claim For Relief
### (Non-Infringement of the '148 Patent)

7. Vanguard incorporates by reference Paragraph Nos. 1 through 6 above, as though fully set forth herein.

8. Vanguard has not infringed and does not infringe (either directly, contributorily, or by inducement) any valid claim of the '148 patent, either literally or under the doctrine of equivalents.

9. Vanguard is therefore entitled to a declaratory judgment that it does not infringe the '148 patent.

### Second Claim For Relief
### (Invalidity of the '148 Patent)

10. Vanguard incorporates by reference Paragraph Nos. 1 through 9 above, as though fully set forth herein.

11. The relevant claims of the '148 patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, sections 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

12. Vanguard is therefore entitled to a declaratory judgment that the relevant claims of the '148 patent are invalid.

### Prayer For Relief

WHEREFORE, Vanguard asks the Court to enter judgment in its favor and grant the following relief:

  A. Dismiss with prejudice the entirety of the Complaint;

  B. Deny all remedies and relief sought by Unified in the Complaint;

  C. Declare that Vanguard has not infringed, and is not infringing any valid and enforceable claim of the '148 patent, either directly or indirectly, literally or under the doctrine of equivalents, and neither has Vanguard contributed to, nor induced infringement thereof;

  D. Declare the claims of the '148 patent to be invalid, unenforceable and void in law;

  E. Grant such other and further relief as the Court may deem just and proper.

Vanguard hereby demands that all issues so triable be determined by a jury.

Dated: New York, New York.
   July 12, 2012

Respectfully submitted,

By: */s/ Howard Cabot*
Howard Cabot
**Perkins Coie LLP**
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
602-351-8000

Timothy Carroll
**Perkins Coie LLP**
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
312-324-8400

Dennis Cecil Hopkins
Manny Caixeiro
**Perkins Coie LLP**
30 Rockefeller Center, 25th Floor
New York, NY  10112-0085
212.262.6900

*Attorneys for Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation*